

Order Form (01/2005)



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5666 | **DATE** | 5/18/2011 |
| **CASE TITLE** | CHARLES A. MACPHEE v. CUSHMAN & WAKEFIELD OF ILLINOIS, INC. | | |

**DOCKET ENTRY TEXT:**

The Court DENIES Defendant's motion to dismiss [6]. The Court gives Defendant until June 8, 2011 to answer or otherwise plead. Status hearing set for July 21, 2011 at 9:30 a.m.

■[For further details see text below.] Docketing to mail notice and AO-450 form.

## STATEMENT

Plaintiff Charles MacPhee brought this age discrimination claim against his former employer pursuant to the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 626(c). Defendant Cushman & Wakefield now moves to dismiss the case for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Cushman argues that MacPhee's claim is barred by the doctrine of *res judicata.*

Motions to dismiss test the sufficiency, not the merits, of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a motion to dismiss under federal notice pleading, a plaintiff must "provide the grounds of his entitlement to relief" by alleging "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (internal quotation marks, brackets, and citation omitted). Specific facts are not necessary. *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). The Court treats well-pleaded allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Disability Rights Wisc., Inc. v. Walworth County Bd. Of Supervisors*, 522 F.3d 796, 799 (7th Cir. 2008). Generally, the Court must limit its review on such a motion to the pleadings, but a narrow exception to the rule allows the Court to take judicial notice of matters of public record. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997).

As MacPhee notes in his response to the motion, the doctrine of *res judicata* is not generally a proper basis for a Rule 12(b)(6) motion to dismiss. *Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008). However, a Rule 12(b)(6) motion is proper when the pleadings and other materials available to the Court for

review on a Rule 12(b)(6) motion establish the validity of the affirmative defense. *Id.* To hold otherwise would lead to an inefficient procedure whereby defendant would have to file an unnecessary answer setting forth facts already established elsewhere before it could file its motion. *Id.*

Cushman argues that the pleadings, the documents attached thereto, and the public record provide the Court with enough information to apply the doctrine of *res judicata* and bar MacPhee's claim. And despite MacPhee's protests that a Rule 12(b)(6) motion is not the proper means for addressing the issue, he concedes that all of the following facts that Cushman relies upon in its motion are true. MacPhee originally pursued his claim of age discrimination by filing a complaint with the Illinois Department of Human Rights (IDHR). After an initial investigation, IDHR denied his claim based on a lack of evidence. IDHR notified him that he had the option of either appealing the decision within the IDHR or filing a *de novo* state court action. *See* 775 ILCS 5/7A-102(D)(3) (describing the procedures available to a claimant after an initial denial by IDHR). Cushman concedes that, at lease at that point, MacPhee also had the option of waiting for the EEOC to issue him a Right to Sue Notice and then filing suit under the ADEA in federal court. MacPhee did not pursue any of these options. Instead, he filed a state court action for administrative review of IDHR's determination. The state court dismissed the action without prejudice because it lacked jurisdiction over such an administrative review action given MacPhee's failure to exhaust his administrative remedies by appealing IDHR's decision internally. The court gave MacPhee leave to file an amended complaint, presumably one requesting a *de novo* review of his claims, by a date certain. MacPhee never filed an amended complaint and instead waited for the EEOC to issue him a Right to Sue Notice and then filed the instant action. After he failed to file an amended complaint by the date provided by the state court, the state court purported to dismiss his action with prejudice for lack of jurisdiction.

Cushman contends that under the Full Faith and Credit Act, 28 U.S.C. § 1738, the Court must give the state court dismissal preclusive effect under the doctrine of *res judicata*. The company points out that in *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 468, 102 S. Ct. 1883, 1890-91, 72 L. Ed. 2d 262 (1982), the Supreme Court applied the doctrine to bar a Title VII employment discrimination claim when a New York state court had already entered judgment on the merits against the plaintiff in an action for administrative review of a determination by New York's analog to IDHR. However, this case differs from *Kremer* in one significant way: the state court's dismissal was based on a lack of jurisdiction. As Cushman notes, courts apply the state's *res judicata* rules under the Full Faith and Credit Act. 28 U.S.C. § 1738 (requiring federal courts to give state court judgments, among other things, "the same full faith and credit...as they have by law or usage in the courts of such State"). In Illinois, contrary to the order of the state court in this case, a dismissal for lack of jurisdiction is by definition a dismissal without prejudice. Ill. Sup. Ct. Rule 273; *see also Lenz v. Julian*, 276 Ill. App. 3d 66, 73-74, 657 N.E.2d 712, 718 (Ill. App. Ct. 1995). Thus, Illinois courts do not give a dismissal for lack of jurisdiction claim-preclusive effect, and neither will this court. *See Amer. Nat'l Bank & Trust Co. v. City of Chicago*, 826 F.2d 1547, 1551 (7th Cir. 1987) ("A dismissal for want of jurisdiction does not preclude a subsequent suit in a court with jurisdiction") (citing Ill. Sup. Ct. Rule 273).

After receiving IDHR's original determination, MacPhee certainly took a misstep by immediately filing an action for administrative review in state court. The state court correctly notified MacPhee that he had done so, and allowed him the opportunity to then pursue the state court remedy still available to him at the time. Instead, now aware of his blunder, MacPhee elected to pursue another remedy available to him, a federal suit under the ADEA. For the reasons state above, the fact that the state court lacked jurisdiction over MacPhee's original action does not bar him from pursuing this remedy. Thus, the Court DENIES Defendant's motion to dismiss.

Wm. J. Hibbler