UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHARLES A. MACPHEE,                    )
                                       )
                    Plaintiff,         )
                                       )
        vs.                            )          10 C 5666
                                       )
                                       )
CUSHMAN & WAKEFIELD OF                 )
ILLINOIS, INC.,                        )
                                       )
                    Defendant.         )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before the Court on Cushman and Wakefield of Illinois' ("Cushman") motion to dismiss for want of prosecution under Federal Rule of Civil Procedure 41(b). For the reasons below, Cushman's motion is granted.

## BACKGROUND

Plaintiff Charles A. MacPhee ("MacPhee") was a Cushman employee from December 2006 until he was terminated on October 23, 2007. In September 2010, MacPhee sued Cushman, alleging that Cushman fired him in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 626(c).

This matter was originally before the Court of the Honorable William J. Hibbler. It was reassigned to this Court on March 21, 2012. The parties, through their respective

attorneys, appeared before Judge Hibbler for a status hearing on July 21, 2011. The Court set a discovery schedule which required the parties to: (1) provide initial fact discovery disclosures in accordance with Rule 26(a)(1) by August 4, 2011; (2) serve written discovery requests by August 19, 2011; (3) respond to written discovery requests by October 14, 2011; and (4) complete fact discovery by January 31, 2012. Cushman timely sent its discovery requests to MacPhee, but MacPhee has not responded to Cushman's discovery requests, nor has he sent his own discovery requests to Cushman.

MacPhee was represented by counsel until August 25, 2011, when his attorney withdrew from the case. MacPhee was not present at this hearing. The same day, the Court issued a Notification of Docket Entry apprising the parties of the next status date and cautioning MacPhee "to personally appear on 10/18/2011 at 9:30 am[,]" and that "failure to appear on 10/18/2011 at 9:30 am may result in dismissal of this case."[1] MacPhee did not appear for the October 18th status hearing, and the Court continued the status hearing until November 22, 2011. The Court again warned Plaintiff via Notification of Docket Entry that "failure to appear may result in dismissal for want of prosecution."

---

[1] The Notification also directed MacPhee's former attorney to advise him of the Order. The former attorney filed a Certificate of Compliance with the Court the following day confirming that he complied with the Court's instruction by e-mailing MacPhee the Order along with all discovery documents necessary to litigate the lawsuit.

Proceeding *pro se*, MacPhee appeared at the November 22nd status hearing via telephone. During the hearing, Judge Hibbler admonished Plaintiff for failing to meet the Court's deadlines, stating that "[y]ou're going to be here when the case is up, we're going to pursue it, we're going to meet the deadlines, and we're going to get to some disposition." Judge Hibbler then entered and continued the instant motion to dismiss, warning MacPhee that "if you fail to live up to your obligation, that motion is still alive and the Court is likely to rule on it, and not in your favor." Judge Hibbler then scheduled a status hearing for December 14, 2011, "to make sure we're moving toward that [January 31st, 2012] discovery closing."

At the December 14th hearing, MacPhee was unable to demonstrate any progress with respect to discovery. The Court then set a briefing schedule for Cushman's motion, to which both parties adhered. The motion is now ripe for disposition by the Court.

## LEGAL STANDARD

A defendant may move to dismiss a claim when the plaintiff fails to prosecute or comply with the Federal Rules of Civil Procedure or a court order. Fed. R. Civ. P. 41(b). A district court may dismiss a claim for want of prosecution if a plaintiff "fails to respond to a call of the case set by order of court." N.D. Ill. L.R. 41.1. Dismissal for want of prosecution is a sanction of last resort to be employed "when there is a clear record of delay or contumacious conduct, or when less drastic sanctions have proven

unavailing." *Banco Del Atlantico, S.A. v. Woods Indus.*, 519 F.3d 350, 354 (7th Cir. 2008).

## DISCUSSION

In deciding whether dismissal is proper under Federal Rule 41(b), the Court looks to the following four factors: (1) the frequency and magnitude of plaintiff's failure to comply with court deadlines; (2) the effect of these failures on the court's time and schedules; (3) the prejudice that other litigants incur as a result of plaintiff's delay; and (4) the possible merits of the plaintiff's suit. *Williams v. Chi. Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998). These factors weigh heavily in favor of dismissal. First, MacPhee has continuously fallen short of meeting the Court's schedule and deadlines. He neglected to attend two consecutive status hearings without giving prior notice to the Court or inquiring into appearing by telephone. He has yet to demonstrate any effort in proceeding with discovery despite Judge Hibbler's repeated warnings that any failure to abide by the Court's schedule would likely lead to the dismissal of the lawsuit. As a result, we are no closer to a resolution on the merits than we were on August 25, 2011. Second, MacPhee's failure to fully participate in the litigation process has led the Court to needlessly expend its time and resources in a futile attempt to move the litigation toward a resolution on the merits. Third, Cushman has been prejudiced by spending time and money defending against a stagnant lawsuit. Finally, that the Court is unable

- 4 -

to evaluate the merit of MacPhee's claim at this stage of the litigation does not weigh in his favor, since discovery has stalled due to his inaction. Equity would not be served if MacPhee benefitted from the delay that he has caused.

Plaintiff alludes to a handful of unfortunate circumstances in an attempt to justify his inaction. After filing this lawsuit, MacPhee moved to Oklahoma City, Oklahoma, to be closer to his three children. The move to Oklahoma made actively pursuing this litigation difficult. MacPhee further argues that his personal financial hardship prevented him from obtaining counsel and from honoring the Court's schedule and deadlines. Finally, MacPhee claims that he is unable to properly respond to Cushman's discovery requests because his former attorney has not returned his case files despite MacPhee's repeated efforts to obtain them.

These reasons are unavailing and do not excuse MacPhee's failure to fully pursue this matter. MacPhee's financial hardship does not justify his failure to appear at the two status hearings without notifying the Court of his anticipated absences. We can conceive of no plausible reason why MacPhee's financial difficulties prevented him from notifying the Court in advance of his anticipated absences, or inquiring into attending telephonically, as he did for the November 22nd and December 14th hearings. Nor do Plaintiff's financial difficulties excuse his failure to devote the time and effort necessary to engage in the discovery process. MacPhee additionally maintains that he

was unable to respond to discovery requests because his former attorney still was in possession of his case files. Even accepting this assertion as true, it alone cannot defeat Defendant's motion. Plaintiff did not notify the Court of this issue until the November 22nd hearing. MacPhee had nearly four months from the time his attorney withdrew to gather the relevant information and his reasons for not responding to Cushman's discovery requests are therefore unpersuasive.

MacPhee lastly argues that dismissal would deprive him of due process under the Fifth Amendment. A plaintiff's due process rights are safeguarded when courts provide "due warning" before dismissing a suit for want of prosecution, unless the plaintiff clearly knows that the case faces dismissal. *Williams,* 155 F.3d at 857; *Ball v. City of Chi.*, 2 F.3d 752, 755-56 (7th Cir. 1993). MacPhee received three warnings from the Court: two in writing, and one during a status hearing. His due process rights were therefore adequately protected.

## CONCLUSION

For the aforementioned reasons, the Court grants Cushman's motion to dismiss for want of prosecution. MacPhee's case is dismissed without prejudice.

_Charles P. Kocoras_

Charles P. Kocoras
United States District Judge

Dated:   April 11, 2012